## In re Trevose Service Corp.

*Don F. Marshall*, for appellant.
*Eric Tobin*, for board.

GARB, *J.*, May 19, 1980—This is an appeal from the imposition of one condition upon the approval of appellant's subdivision application by the Board of Township Supervisors of the Township of Upper Makefield. A final subdivision approval was granted on December 4, 1979, subject to 13 conditions. The appeal is from condition number 12 only.

Appellant is the owner of 68.8125 acres of land in appellee township and has filed an application for subdivision approval. As noted, the approval was granted subject to the one condition under appeal herein.

The condition in question provides as follows:

"Compliance with all requirements of Article VI of the Upper Makefield Township subdivision and

land development regulations including but not limited to installation, construction and completion of all public improvements within the subdivision as well as compliance with all other applicable ordinances of the Township (Upper Makefield Township Subdivision and Land Development Regulations, as codified, Chapter 1228)." Chapter 1228 of the Township Subdivision and Land Development Regulations provides in relevant part that before executing and recording any final subdivision or land development plans and before any zoning or building permit may be issued or any lot or portion of the whole tract may be sold or transferred and before acceptance by the Township of dedication of any public improvement or facility, all public improvements shown on the subdivision plans and all public improvements required to be constructed and/or installed by the Board of Supervisors shall be fully completed in strict accordance with the provisions of this chapter. Appellant contends that this condition is violative of section 509 of the Municipalities Planning Code of July 31, 1968, P.L. 805, 53 P.S. § 10509. See the Act as amended by the Act of June 9, 1978, P.L. 460, sec. 1, 53 P.S. § 10509. With this contention we agree.

Section 509 of the Municipalities Planning Code provides in relevant part as follows:

"No plat shall be finally approved unless the streets shown on such plat have been improved to a mud-free or otherwise permanently passable condition, or improved as may be required by the subdivision and land development ordinance and any walkways, curbs, gutters, street lights, fire hydrants, shade trees, water mains, sanitary sewers, storm drains and other improvements as may be required by the subdivision and land development

ordinance have been installed in accordance with such ordinance.. *In lieu of* the completion of any improvements required as a condition for the final approval of a plat, the subdivision and land development ordinance *shall* provide for the deposit with the municipality of a corporate bond, or other financial security acceptable to the governing body in an amount sufficient to cover the costs of any improvements which may be required. . . ." (Emphasis supplied.)

The predecessor to section 509 has been construed to be a statute requiring that plans should not be approved "without developers'· guarantees for the completion of public works." See Safford v. Board of Commissioners of Annville Township, 35 Pa. Commonwealth Ct. 631, 387 A. 2d 177 (1978). The amendment of 1978, as quoted in part above, amended its predecessor in relevant part only by the change of the word "may" to the word "shall" as set forth in italics above. See the Act of July 31, 1968, P.L. 805, art. V, sec. 509, 53 P.S. §10509. Section 1921 of the Statutory Construction Act, 1 Pa.C.S.A. §1921, provides that every statute shall be construed, if possible, to give effect to all of its provisions. Section 1922 of the Statutory Construction Act provides that in ascertaining the intention of the General Assembly in the enactment of a statute, it shall be presumed that the General Assembly. intends the entire statute to be effective and certain. By reading the original section 509 together with the amended section, it is clear to us that in the former the legislature intended to provide that a developer must fully complete all of the public improvements prior to final approval of his subdivision, or, at the option of the municipality, enter such surety so as to guarantee them. By virtue of

444

the amendment that discretion has been transferred from the municipality to the developer, thus now providing, as we view it, that the developer may either complete the public amenities or provide surety to guarantee their completion. We believe that this construction breathes life into both sections of section 509, merely shifting the discretion as to which method of compliance shall be adopted from the municipality to the developer. Therefore, we determine that condition number 12 imposed by the Board of Township Supervisors of Upper Makefield Township is contrary to section 509 of the Municipalities Planning Code.

In anticipation of this possible result the Board of Supervisors enacted a 13th condition providing for an agreement between the parties for completion of the public amenities and such proposed agreement was appended to the board of supervisors' letter decision of December 6, 1979. The parties herein agree that if condition 12 shall be stricken the matter shall not be remanded but rather that the parties shall proceed with the understanding that condition number 13 prevails. Accordingly we so hold.

## ORDER

And now, May 19, 1980, it is hereby ordered, directed and decreed that the appeal is sustained and condition number 12 is stricken.